**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRANCE WALKER, | No.   17-15138 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00556-RCJ-VPC |
| v. | |
| CHARTER COMMUNICATIONS, INC. and CHARTER COMMUNICATIONS, LLC, | MEMORANDUM<sup>*</sup> |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted October 15, 2018
San Francisco, California

Before:  HAWKINS and HURWITZ, Circuit Judges, and ROSENTHAL,<sup>**</sup> District
Judge.

Terrance Walker was terminated as a Direct Sales Representative at Charter

Communications, Inc. following a series of incidents during which Charter claims

---

<sup>*</sup>      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

<sup>**</sup>      The Honorable Lee H. Rosenthal, Chief United States District Judge for
the Southern District of Texas, sitting by designation.

Walker behaved unprofessionally.  Walker sued Charter under Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, 42 U.S.C.A. § 2000e *et seq.*, and analogous Nevada law[1], alleging race discrimination and retaliation.  Charter successfully moved for summary judgment on all of Walker's claims.[2]  Walker appealed.  We have jurisdiction under 28 U.S.C. § 1291 and reverse the grant of summary judgment on the race discrimination claims but affirm on the retaliation claims, and remand for further proceedings.

The conflicting accounts about whether Walker actually engaged in the unprofessional conduct alleged by Charter create a genuine issue of material fact whether Charter discriminated against Walker on the basis of his race.  Summary judgment is therefore inappropriate on these claims.

As for Walker's retaliation claim, his only "protected activities" under Title VII were his complaints of race discrimination to the Nevada Equal Rights Commission ("NERC") and to Charter, via its internal EthicsPoint reporting system.  *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003).  His oral complaint to his supervisor was not protected because it did not identify a

---

[1] NEV. REV. STAT. § 613.330, 613.340.

[2] *See Walker v. Charter Commc'ns*, No. 3:15-cv-00556-RCJ-VPC, 2017 WL 5957208 (D. Nev. Jan. 4, 2017).

discriminatory practice. *See EEOC v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1013 (9th Cir. 1983).

And, most – if not all – of the relevant decision-makers recommended or approved Walker's termination before they learned of his complaint to the NERC. Accordingly, Walker cannot establish a causal link between his protected activities and Charter's termination, a necessary element of a prima facie case. *See Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).

**AFFIRMED in part, REVERSED in part, and REMANDED; each party to bear its own costs on appeal.**